UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Leonard Poore, | C/A No. 6:11-0222-RMG-KFM |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| Department of Veterans Affairs, *The VA*; | |
| Mrs. Patricia O. Pittman, *director of Dorn VA Facility*, | |
| Defendants. | |

## ***Background of this Case***

Plaintiff is a patient or "client" at the G. Werber Bryan Psychiatric Hospital of the South Carolina Department of Mental Health. Plaintiff has brought suit against the Department of Veterans Affairs and the Director of the "Dorn VA Facility" in Columbia, South Carolina.

The "STATEMENT OF CLAIM" portion of the Complaint reveals that this civil action arises out of the loss of personal items (money), which were allegedly "stolen from" Plaintiff while he was at the Dorn VA Facility. Plaintiff states that on January 25, 2010, he was admitted involuntarily to the Dorn Facility "in a bogus (scam) operation orchestrated by Cheryl McManus, an RN[.]" Plaintiff alleges that $365 in United States currency was taken from him upon his admission. Later, $5 given to Plaintiff by another patient was also taken. After Plaintiff's discharge from the Dorn Facility, Plaintiff received a United States Treasury check for $311, which was $54 less than Plaintiff's original total of $365. Plaintiff also claims loss of the $5 given by the other patient plus $2 allegedly stolen from him by a different patient. In his prayer for relief, Plaintiff seeks the $61 allegedly lost and punitive damages of $29,939, for a total of $30,000.

Two exhibits submitted by Plaintiff (ECF No. 1-2) indicate that he has requested an investigation into the missing money by the United States Department of Justice. One of the documents is signed by Plaintiff and is dated January 24, 2011.

### *Discussion*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Even under this less stringent standard, the *pro se* Complaint remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Hence, the Department of Veterans Affairs is immune from suit because of sovereign immunity.

The above-captioned case is not maintainable as a *Bivens* action against the Department of Veterans Affairs. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct

cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 & n. 30 (1982).  A *Bivens* action may not be brought against agencies of the United States, such as the Department of Veterans Affairs.  *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies).

Even if this case is treated as an action under the Federal Tort Claims Act, it is still subject to summary dismissal.  The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations.  Litigants must strictly comply with the requirements of the FTCA.  *See* 28 U.S.C. § 2675 and *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).  A suit under the Federal Tort Claims Act lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees.  *See Sheridan v. Reidell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006).  An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act.  *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").

Although Plaintiff's exhibits indicate that on January 24, 2011, he requested an investigation by the Department of Justice into his lost money, there is no indication that Plaintiff has filed an administrative tort claim with the United States Department of Justice or the Department of Veterans Affairs.  Under the FTCA, "the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*,

785 F.2d 121, 123 (4th Cir.1986), which is cited in *Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000). When the United States has denied an administrative claim filed under the FTCA, a claimant has six months to bring suit in a federal district court. 28 U.S.C. § 2401(b). Since the Complaint does not show that Plaintiff has submitted a Standard Form 95 to the Department of Veterans Affairs or to the United States Department of Justice, this case should be dismissed for failure to exhaust federal administrative remedies.

Although Defendant Pittman (Director of the Dorn Facility) is facially subject to suit under the *Bivens* doctrine, she is still entitled to summary dismissal. Deprivations of personal property, including negligent deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983 or the *Bivens* doctrine. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986). In *Daniels v. Williams*, the Supreme Court overruled its earlier holding in *Parratt v. Taylor*, 451 U.S. 527 (1981), that negligent deprivations of property implicate due process interests. Moreover, liability may not be imposed upon Defendant Pittman even if employees or patients at the Dorn Facility caused the loss of the Plaintiff's money. The doctrine of *respondeat superior* is not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977).

Plaintiff also is not entitled to punitive damages under the Federal Tort Claims Act. *See In re Air Crash Disaster at Charlotte, N.C. on July 2, 1994*, 982 F. Supp. 1101, 1111 (D.S.C. 1997) ("Two damages limitations under the FTCA are applicable in this case. First, plaintiff may recover only compensatory damages as allowed by state law; punitive damages may not be recovered. *See* 28 U.S.C. § 2674. Second, no pre-judgment interest may be recovered in an FTCA action.").

Plaintiff's Motion for Access to a Haircut at the G. Werber Bryan Psychiatric Hospital should be denied because the named Defendants have no operational control over the G. Werber Bryan Psychiatric Hospital, which is operated by the State of South Carolina. *See Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, *2 (D.S.C. July 25, 2007) (adopting magistrate judge's Report and Recommendation, which cites *Horton v. Marovich*, 925 F. Supp. 540, 543 (N.D. Ill. 1996)).

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. It is also recommended that the District Court **deny** Plaintiff's Motion for Access to a Haircut (ECF No. 5) and Plaintiff's Motion for Entry to the Federal Witness Protection Program (ECF No. 6).

Plaintiff's attention is directed to the important Notice on the next page.

February 1, 2011                                    s/Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).