IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Michael Leonard Poore,                          )
                                                )
        Plaintiff,                              )        Case No. 6:11-cv-00222-RMG
                                                )
            v.                                  )        ORDER
                                                )
Department of Veterans Affairs, *the VA*; and   )
Mrs. Patricia O. Pittman, *Director of Dorn VA* )
*Facility*,                                     )
                                                )
        Defendants.                             )
_____)

This matter is before the Court upon the recommendation of Magistrate Judge McDonald

that the instant case be dismissed without prejudice and without issuance and service of process.

(Dkt. Entry 14 at 5). Magistrate Judge McDonald also recommends that this Court deny Plaintiff

Michael Leonard Poore's ("Plaintiff" or "Poore") Motion for Access to a Haircut (Dkt. Entry 5)

and deny Plaintiff's Motion for Entry into the Federal Witness Protection Program (Dkt. Entry

6). (See R&R, Dkt. Entry 14 at 5.) Plaintiff's objections were due February 18, 2010. However,

he did not file any objections to the Magistrate Judge's Report and Recommendation.

Plaintiff filed this suit on or about January 31, 2011, against Defendant Department of

Veterans Affairs, *the VA*, and Defendant Mrs. Patricia O. Pittman, *Director of Dorn VA Facility*

(hereinafter collectively referred to as the "Defendants"). (Dkt. Entry 1.) While Plaintiff is

currently a patient at the G. Werber Bryan Psychiatric Hospital of the South Carolina Department

of Mental Health, the incidents giving rise to the facts alleged in the Complaint occurred while

Plaintiff was involuntarily committed to the Dorn VA Facility. (See generally Compl.) As the

Magistrate Judge aptly summarized, Plaintiff sued Defendants based upon allegations that several items he had, either on his person at admission or at some other time during his stay at the Dorn VA, were taken and not returned. (See id.) First, Plaintiff alleges that when he was involuntarily admitted to the Dorn VA, he had $365 in United States currency that was taken from him by the Dorn VA staff. (Dkt. Entry 1 at 5.) Second, Plaintiff asserts that during his stay at the Dorn VA, a veteran friend gave him $5, which was "snatched" out of his left shirt pocket by a VA employee a few days later but was not returned. (Id. at 5-6.) Finally, Plaintiff complains that another veteran stole a $2 item from him on the day of the other veteran's release, and "the theft went ignored." (Id. at 6.)

Plaintiff alleges that after his release, he was sent a check "from the State of Kansas (U.S. Government)" for $311, but that was "$54 short of the money he arrived there with and a total of $61 stolen by his release in July, 2010." (Id.) Plaintiff asserts that "[a]t each step through this ordeal, [he] made all the reasonable (extra) effort to avoid having his personal property stolen from him and reported all pertinent facts to any ranking federal employee he could contact at the facility, even when there were reprisals for doing so." (Id.) In the "Relief" section of his Complaint, Plaintiff states that he "want[s] to be awarded the $61 lost and a punitive amount of $29,939 for a total of $30,000." (Id. at 7.)

On the same day he filed his Complaint, Plaintiff filed a "Motion for Court Order for Access to a Haircut," (Dkt. Entry 5), wherein he asks this Court to Order Dr. Edward Breen of the South Carolina Department of Mental Health to allow Plaintiff access to a haircut, as Plaintiff "customarily gets a haircut every 5 weeks but it has been 2½ months since he was allowed one & it (a haircut) before going to Court is a basic right." (Dkt. Entry 5 at 1.) Plaintiff also filed a

Motion "For Entry into the Federal Witness Protection Program." (Dkt. Entry 6.) Plaintiff states

in this motion, "I have been held at this facility since July, 2010 without justifiable cause and am

requesting this done immediately, or as soon as his honor/the process permits." (Dkt. Entry 6 at

1.)

As noted above, Magistrate Judge McDonald issued a Report and Recommendation in

this case on February 1, 2011, wherein he recommended that the instant action be dismissed

without prejudice and without issuance and service of process. (Dkt. Entry 14 at 5.) Magistrate

Judge McDonald recommended dismissal with respect to the Defendant Department of Veterans

Affairs, because suit against the Department is suit against the United States, and "[t]he United

States cannot be sued without its express consent." (Id. at 2.) Furthermore, Magistrate Judge

McDonald concluded that the instant action was not maintainable against the Department as a

*Bivens* action because such an action "may not be brought against agencies of the United States,

such as the Department of Veterans Affairs." (Id. at 3.) The Magistrate Judge stated,

> Even if this case is treated as an action under the Federal Tort Claims Act, it is
> still subject to summary dismissal. The Federal Tort Claims Act (FTCA) waives
> the sovereign immunity of the United States in certain situations. Litigants must
> strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675 and
> *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). A suit under the Federal
> Tort Claims Act lies only against the United States, and a federal district court
> lacks subject-matter jurisdiction over claims asserted against federal agencies or
> individual federal employees. An administrative claim must first be filed with the
> appropriate federal agency before commencement of a civil action in a district
> court under the Federal Tort Claims Act. *See* 28 C.F.R. § 14.2; the Standard Form
> 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is
> presented in writing to the appropriate Federal agency within two years after such
> claim accrues").

(Id.) The Magistrate Judge recommended that this case be dismissed for failure to exhaust

administrative remedies because, "[a]lthough [his] exhibits indicate that on January 24, 2011, he

Page 3 of 5

requested an investigation by the Department of Justice into his lost money, there is no indication

that Plaintiff has filed an administrative tort claim with the United States Department of Justice

or the Department of Veterans Affairs." (Id. at 3-4.)

Finally, Magistrate Judge McDonald recommended dismissing Defendant Pittman even

though she is "facially subject to suit under the *Bivens* doctrine" because (a) "[d]eprivations of

personal property . . . do not support an action for damages under 42 U.S.C. § 1983 or the *Bivens*

doctrine," and (b) the doctrine of *respondeat superior* is not applicable in § 1983 actions. (Id. at

4.)

With respect to the Motion for Access to a Haircut (Dkt. Entry 5), Magistrate Judge

McDonald recommended denying that motion because "the named Defendants have no

operational control over the G. Werber Bryan Psychiatric Hospital, which is operated by the State

of South Carolina." (Id. at 5.)

This Court is charged with conducting a *de novo* review of any portion of the Magistrate

Judge's report to which a specific objection is registered, and may accept, reject, or modify, in

whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However,

absent timely objection by a dissatisfied party, it appears Congress did not intend for the district

court to review the factual and legal conclusions of the Magistrate Judge. Thomas v. Arn, 474

U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the

Magistrate Judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those

objections at the appellate court level. <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1985).[1]

No objections have been filed to the Magistrate Judge's Report and Recommendation.

A review of the record indicates that the Magistrate Judge's report accurately summarizes

the case and the applicable law. It is therefore **ORDERED** that the Magistrate Judge's Report

and Recommendation is adopted as the Order of this Court. For the reasons articulated by the

Magistrate Judge, it is hereby **ORDERED** that Plaintiff's Complaint be **DISMISSED** without

prejudice and without issuance and service of process. It is also **ORDERED** that Plaintiff's

Motion for Access to a Haircut (Dkt. Entry 5) is **DENIED**. It is further **ORDERED** that

Plaintiff's Motion for Entry into the Federal Witness Protection Program (Dkt. Entry 6) is

**DENIED**.

**AND IT IS SO ORDERED**.

The Honorable Richard Mark Gergel
United States District Judge

**Charleston, South Carolina**
**February 25, 2011**

### NOTICE OF RIGHT TO APPEAL
The parties are hereby notified of the right to appeal this Order within 30 days from the
date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1]In <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985), the court held "that a *pro se* litigant
must receive fair notification of the consequences of failure to object to a magistrate's report
before such a procedural default will result in waiver of the right to appeal. The notice must be
'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is
required.'" <u>Wright</u>, 766 F.2d at 846 (quoting <u>Hudson v. Hardy</u>, 412 F.2d 1091, 1094 (D.C. Cir.
1968)). Plaintiff was advised in a clear manner that his objections had to be filed within fourteen
(14) days, and he received notice of the <u>consequences</u> at the appellate level of his failure to object
to the Magistrate Judge's report.